UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHL, | No. 2:22-cv-0689 KJN P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF BUTTE, et al., | |
| Defendants. | |

Plaintiff is a pretrial detainee, currently housed in the Butte County Jail, proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Complaint

In his first claim, plaintiff alleges that he was arrested by the Butte County Sheriff, jailed and denied any form of constitutional due process.  He claims he was not provided an arraignment, or a preliminary examination hearing to establish probable cause or confront witnesses.

In his second claim, plaintiff alleges that while housed in the Butte County Jail, he reported being assaulted by other inmates at least six times, and suffered injuries to his body and face requiring medical treatment.  Plaintiff claims he was forced to share a cell with a mentally ill inmate who ate feces out of the toilet; after plaintiff complained for two months, the cellmate assaulted plaintiff and the cellmate was moved. Plaintiff claims he suffered "reprehensible conditions" by county jail personnel who were deliberately indifferent to plaintiff's personal safety and human rights.  As a result, plaintiff now suffers from post-traumatic stress disorder.

Plaintiff's third claim alleges he was misdiagnosed as mentally incompetent to stand trial during a preliminary exam.  Plaintiff complains that he was deprived of his due process right to arraignment or preliminary hearing to establish probable cause to hold plaintiff for trial and was instead committed under a California Penal Code Section 1370 hold to the Department of State Hospitals in Napa based on "unproven allegations contained within discovery documents and police reports."  (ECF No. 1 at 5.)

Plaintiff names as defendants the County of Butte, Butte County Sheriff, Butte County District Attorney, and the Butte County District Attorney.

Plaintiff seeks money damages, dismissal of all current criminal charges, dismissal of court-ordered supervision with prejudice, and expungement of plaintiff's arrest history related to this incident.

Discussion

      Improper Defendants

Plaintiff does not set forth specific charging allegations as to the Butte County District Attorney or the Butte County Public Defender. An inference is raised, however, that plaintiff names the district attorney in connection with the criminal charges and alleged due process violations during plaintiff's state court criminal case. In addition, it appears plaintiff may have been represented by a Butte County public defender. Assuming such is the case, plaintiff cannot obtain § 1983 relief against either defendant.

As to the Butte County District Attorney, the United States Supreme Court has held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Such absolute immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious and dishonest action deprives him of liberty.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Imbler, 424 U.S. at 427). Thus, defendant Butte County District Attorney is immune from suit and plaintiff's claims should be dismissed without leave to amend.

As to the Butte County Public Defender, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981). Because plaintiff's allegations involve the public defender acting in the capacity as an attorney during the course of criminal proceedings, the public defender was not acting under color of state law. This means that plaintiff cannot bring a claim against the Butte County Public Defender under § 1983. Moreover, any potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Therefore, plaintiff

////

cannot maintain an action against defendant Butte County Public Defender, and plaintiff's claims against such defendant should be dismissed without leave to amend.

<u>Improper Relief</u>

Plaintiff seeks dismissal of all charges, which if granted would result in his release from jail. As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under 42 U.S.C. § 1983. See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973); <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858-859 (9th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1063 (2004). Plaintiff cannot obtain release from jail or prison by filing a § 1983 action. Therefore, plaintiff's request for dismissal of all criminal charges is unavailable in this action.

<u>First and Third Claims Barred by Younger</u>[1]

Under California law, a person who is mentally incompetent -- meaning he or she is unable to understand the nature of the criminal proceedings or assist counsel in the defense -- cannot be tried on the charged crimes.[2] Cal. Penal Code § 1367(a). "If the defendant is found mentally incompetent, the trial, the hearing on the alleged violation, or the judgment shall be suspended until the person becomes mentally competent." Cal. Penal Code § 1370(a)(1)(B). In other words, the criminal proceedings are suspended and the defendant receives treatment until he becomes mentally competent. Cal. Penal Code § 1370.

The Supreme Court's decision in <u>Younger</u> established a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." <u>King v. County of Los Angeles</u>, 885 F.3d 548, 559 (9th Cir. 2018) (quoting

---

[1] <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

[2] California's competency standard fully comports with federal law, as the Supreme Court has defined the competency standard "as including both (1) 'whether' the defendant has 'a rational as well as factual understanding of the proceedings against him' and (2) whether the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.'" <u>Indiana v. Edwards</u>, 554 U.S. 164, 170 (2008) (emphasis omitted) (quoting <u>Dusky v. United States</u>, 362 U.S. 402 (1960) (per curiam)).

1 | Middlesex County Ethics Comm. v. Garden State Bar Ass'n, c, 431 (1982)).  This policy applies
2 | to both criminal and civil judicial proceedings that implicate important state interests.  Id.
3 | (citation omitted).
4 |   Younger abstention is appropriate when the following factors are satisfied: "(1) there is
5 | an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests;
6 | (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and
7 | (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state
8 | judicial proceeding."  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation and
9 | internal quotations omitted).  But "even if Younger abstention is appropriate, federal courts do
10 | not invoke it if there is a showing of bad faith, harassment, or some other extraordinary
11 | circumstance that would make abstention inappropriate."  Page v. King, 932 F.3d 898, 902 (9th
12 | Cir. 2019) (citations and internal quotations omitted).
13 |   Here, it appears that plaintiff's criminal case was paused while plaintiff was committed in
14 | the state hospital, and all the criteria for Younger abstention are met.  First, at a preliminary
15 | hearing, plaintiff was found incompetent to stand trial and committed to Napa State Hospital.  If
16 | or when plaintiff's competency is restored, his state criminal case will then proceed.  In other
17 | words, plaintiff's state criminal proceedings are ongoing because there is no final judgment, and
18 | the prosecution of the case will resume if competency is restored.  Indeed, petitioner has now
19 | been returned to the Butte County Jail.  Second, petitioner's criminal proceedings implicate
20 | California's important interest in the order and integrity of its criminal proceedings.  See Kelly v.
21 | Robinson, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice
22 | systems free from federal interference is one of the most powerful of the considerations that
23 | should influence a court considering equitable types of relief").  Third, the California state courts
24 | provide an adequate forum in which plaintiff may pursue his claims.  See Pennzoil Co. v. Texaco,
25 | Inc., 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an
26 | adequate remedy, in the absence of unambiguous authority to the contrary.").  When the state
27 | proceedings have concluded and his conviction becomes final, petitioner may seek federal habeas
28 | relief.  See Fellows v. Matteson, 2020 WL 4805022 (C.D. Cal. May 18, 2020) (prisoner "may

seek federal habeas relief after his California state criminal proceedings . . . have concluded with a final judgment of conviction."). Fourth, granting plaintiff relief in this action would, in practical effect, enjoin the state court criminal proceeding.

Because all Younger criteria are met, the undersigned cannot find that extraordinary circumstances warrant intervention by this court. Plaintiff's first and third claims are dismissed without prejudice.

Plaintiff's Second Claim

In his second claim, plaintiff alleges that "jail personnel" failed to protect plaintiff from an assault by his assigned cellmate.

To allege a failure-to-protect claim under the Fourteenth Amendment, a pretrial detainee must plead the following elements:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
>
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
>
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and
>
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1071 (9th Cir. 2016), cert. denied sub nom. Los Angeles Cty., Cal. v. Castro, 137 S. Ct. 831 (2017). In Castro, the Ninth Circuit made clear that the four elements were intended to ensure "that liability will attach only in cases where the defendant's conduct is more egregious than mere negligence." Id. at 1071 n.4.

Here, plaintiff fails to identify a particular individual who was responsible for the alleged violation. The complaint must allege in specific terms how each named defendant is involved, demonstrating that there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, plaintiff fails to provide sufficient facts for the court to determine whether or not plaintiff can state a cognizable failure to protect claim. However, in an abundance of caution, plaintiff is granted leave to amend.

If plaintiff chooses to amend to attempt to state a failure to protect claim, he should make sure he alleges facts addressing each of the four elements identified by the court in Castro, 833 F.3d at 1071.

### Claims as to Butte County or Butte County Jail

To state viable claims for municipal liability, plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). Here, plaintiff failed to set forth specific charging allegations as to either Butte County or the Butte County Jail. Plaintiff entirely failed to identify any policies, practices, customs, or officials with policymaking authority that formed the "moving force" behind his alleged constitutional injuries. Plaintiff's claims are dismissed. In an abundance of caution, plaintiff is granted leave to amend to include such claims provided he can set forth facts supporting the elements identified above.

### Conclusion

Aside from the specific findings set forth above, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether this action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which each defendant engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named

defendant is involved.  Rizzo, 423 U.S. at 371.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Further, plaintiff should ensure that all of his claims are related, as defined in the Federal Rules of Civil Procedure.  Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  Rule 20(a) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against unrelated defendants belong in different suits").  If unrelated claims are improperly joined, the court may dismiss them without prejudice.  Fed. R. Civ. P. 21; 7 Alan Wright, Arthur Miller & Mary Kay Kane, Richard Marcus, Federal Practice and Procedure § 1684 (3d ed. 2012); Michaels Building Co. v. Ameritrust Co., 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissing under Rule 21 of certain defendants where claims against those defendants did not arise out of the same transaction or occurrences, as required by Rule 20(a)).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any

////

function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Butte County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: June 6, 2022

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/michl0689.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA MICHL, | No. 2:22-cv-0689 KJN P |
| Plaintiff, | |
| v. | NOTICE OF AMENDMENT |
| COUNTY OF BUTTE, et al., | |
| Defendants. | |

Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____     Amended Complaint

_____
Plaintiff